UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUADALUPE DE HARO,<br><br>  Plaintiff,<br><br>  v.<br><br>LEVIN, et. al.,<br><br>  Defendants.<br>_____/ | CV F 05 261 OWW LJO P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

Jose Guadalupe De Haro ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  RULE 8(a)**

A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Id. at 47.  Rule 8(a) also requires that the plaintiff give notice of the relief which he seeks from the defendants.

In this case, the Complaint submitted by Plaintiff does not conform to Rule 8(a). Plaintiff's complaint consists of approximately 75 pages, including numerous exhibits.  In addition, as noted above, some of the Defendants named are not within this Court's jurisdiction. Moreover, the Complaint does not set apart each claim for relief and each Defendant so the Court can easily parse out the claims for relief.   The Court, having literally hundreds of cases similar to Plaintiff's pending before it at any given time, cannot examine a lengthy complaint as it does not have the resources to devote to such a task.

**C.  VENUE**

The federal venue statute required that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the

1  subject of the action is situated, or (3) a judicial district in which any defendant may be found, if
2  there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).
3   In this case, only Defendants Suryadevara, Edger and Bhatt can be located within this
4  district. According to the Complaint, the remaining Defendants named are within the Southern
5  District of California. As such, venue is inappropriate as to those individuals. Pursuant to
6  federal and Local Rules, when the court finds that an action has not been commenced in the
7  proper court, it may transfer the action to the proper court or dismiss those Defendants and
8  claims from the action where venue is inappropriate. 28 U.S.C. § 1406(a); Local Rule 3-120(d).
9   In light of the need for Plaintiff to file an Amended Complaint, the Court will not
10 recommend dismissal of these Defendants and Plaintiff can simply omit them from the Amended
11 Complaint to be submitted.
12 **D. SUMMARY OF COMPLAINT**
13   Plaintiff alleges that while confined at Calipatria State Prison, his health was deteriorating
14 and he had been referred for a colonoscopy in March of 2004. Plaintiff states that he filed an
15 inmate appeal because of the delay in getting a colonoscopy. Plaintiff states that due to his not
16 getting prompt medical treatment, he began to have mental trauma in the form of anxiety attacks
17 and was placed on Paxil. Plaintiff states he began to get "retaliation" for having filed his appeals.
18 Plaintiff states he was seen by a gastroenterologist who stated that there was nothing wrong with
19 him. Plaintiff stats that this was evidence of not addressing his medical concerns. Plaintiff states
20 that no one determined what his health crisis was and no intervention was taken to alleviate his
21 physical pain. Plaintiff states that he wrote to the Chief Medical Officer at Calipatria and that her
22 solution was to have Plaintiff transferred to SATF Corcoran. Plaintiff states that he wrote to
23 Defendant Levin telling him that if he felt Plaintiff's health needs could not be met at Calipatria,
24 he wanted a typewritten entry or fax to the receiving institution so that his health concerns could
25 have priority. Plaintiff states that his request was ignored.
26   At Corcoran, Plaintiff asked Nurse Wofford if Defendant Levin had notified them of his
27 health concerns. Plaintiff was informed that no such written orders for examinations by
28 Defendant Levin were made. Plaintiff states that CMO Mr. Surya De Vara did not "go over"

3

Plaintiff's medical health file which should have been reviewed and Plaintiff continued to suffer. Plaintiff went to the health unit nine days later for "black out" spells and was told that there was no doctor present. Although Plaintiff states he turned in medical request slips, medical personnel did not acknowledge the serious of his medical need. Plaintiff states that he did not have food or treatment because of his fainting spells. On October 14, 2004, he went to the yard clinic where he saw Defendant Edgar and requested to see a physician. Defendant Edgar refused to bring "it" to the attention of the attending physician and told Plaintiff looked pale and should come back on Monday morning for medical attention. Ultimately, Plaintiff was transported to the prison Treatment center where blood was drawn. Plaintiff was then transferred to Mercy Hospital where he received a blood transfusion. Despite this, Plaintiff could not keep food down, began to have abdominal pain and was bleeding during bowel movements.

Plaintiff submitted a medical request slip and notified some state agencies of his health issues hoping for assistance. Plaintiff visited the yard clinic on December 7, 2004, and was told by Defendant Bhatt that he did not have his file and thus, was unaware of the findings at Mercy Hospital. Plaintiff then complains that Defendant Bhatt does not make it a habit to review medical records. Plaintiff states he filed more appeals but that the appeal process was not functioning properly. Plaintiff states his condition was again acting up and that he requested that Defendant Edgar arrange for him to see a doctor so samples can be taken.

### E. CLAIMS FOR RELIEF

#### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

4

(1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### 2. Eighth Amendment Medical Claim

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

5

(9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

In this case, Plaintiff's complaint fails to state sufficient facts giving rise to a cognizable Eighth Amendment claim for relief. In fact, the nature of his entire complaint is unclear. Although Plaintiff complains that his medical concerns were untreated, he does not state facts that give rise to an Eighth Amendment claim. In addition, Plaintiff fails to link any of the named defendants to an act or omission giving rise to a constitutional violation.

## F. CONCLUSION

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**G. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

    a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110 and for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

Dated:   May 22, 2006                                /s/ Lawrence J. O'Neill
b9ed48                                               UNITED STATES MAGISTRATE JUDGE